ALD-150                                                        **NOT PRECEDENTIAL**
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1858
_____

IN RE: BRADLEY LIVINGSTON,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the United States District Court
for the District of New Jersey
(Related to D.N.J. Civ. No. 2:23-cv-23006)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 15, 2025

Present BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed May 22, 2025)
_____

OPINION
_____

PER CURIAM

Pro se Petitioner Bradley Livingston has filed a petition for writ of mandamus with this Court seeking the recusal of the assigned Magistrate Judge and other relief. We will deny the petition.

Livingston filed a civil complaint related to the termination of his employment. The case was assigned to District Judge Julien X. Neals, and, since July 2024, to Magistrate Judge Stacey D. Adams, to handle pretrial matters. After filing his complaint, Livingston filed many motions in the District Court. For example, Livingston filed a

motion to compel summary judgment, then appealed Magistrate Judge Adams' order denying him summary judgment.[1] Livingston also filed motions/letters for entry of final/default judgment. Further, Livingston filed a motion to reassign the case. Livingston also sought the recusal of Magistrate Judge Adams, which she denied.

Defendants filed a motion to dismiss the complaint on January 13, 2025. That motion was referred to Magistrate Judge Adams. Livingston filed a response to the motion to dismiss on March 29, 2025. By order entered April 30, 2025, Magistrate Judge Adams directed the Clerk to administratively terminate 30 of Livingston's outstanding motions (27 without prejudice, three with prejudice); stay the matter pending resolution of the motion to dismiss; and to not accept further filings from Livingston without an initial screening by District Judge Neals. On May 7, 2025, Chief Judge Bumb of the District of New Jersey issued a preclusion order, which, Inter alia, denied Livingston's separate recusal motion against District Judge Neals and ordered Livingston to not to file motions or actions pursuing frivolous claims or claims related to or duplicative of those in this case.

Meanwhile, on May 5, 2025, Livingston filed a petition for writ of mandamus in this Court asking us to direct the recusal of Magistrate Judge Adams, to provide unspecified "relief for denial of due process and violations of Petitioner's right to a fair trial," and to issue an "order preserving and enforcing Petitioner's right to a jury trial." After Chief Judge Bumb's order, Livingston filed in this Court what could be construed

---

[1] This Court dismissed that appeal for lack of jurisdiction.

as an amended mandamus petition complaining that the District Court "[a]ppears to have consolidated or obstructed all my filings in a retaliatory pattern." He asks us to, inter alia, "[o]rder reinstatement and full review of this case and all other pending and newly filed cases initiated by Plaintiff, free of judicial bias, misidentification, or retaliation."

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A writ should not issue unless the petitioner has "no other adequate means to attain the relief" sought and has shown that his right to the writ is "clear and indisputable." Id. at 378-79 (quoting Cheney v. United States Dist. Ct., 542 U.S. 367, 380-81 (2004)).

Livingston relies on 28 U.S.C. § 455(a) to support his mandamus petition. That statute provides that "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. Mandamus is an appropriate vehicle for reviewing the denial of a recusal motion. Cf. Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). However, Livingston has not shown that he has a "clear and indisputable" right to the writ of mandamus because he has not met the recusal standard, namely, that "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003).

Livingston claims that Magistrate Judge Adams is biased against him because she has granted all of the Defendants' motions while ignoring, delaying, or denying his motions. He also complains that she purportedly coached defense counsel by directing

3

them to file a motion to compel against him in a hearing and never "addressed" a defective certificate of service by Defendants. Finally, he claims that the District Court ignored his motion for Magistrate Judge Adams' recusal.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." Liteky v. United States, 510 U.S. 540, 555 (1994). None of Magistrate Judge Adams' rulings though provide an indicium of bias. As for Livingston's allegations concerning "coaching", the record does not indicate that Defendants filed a motion to compel *after* that conference and Livingston provides no underlying support for his conclusory allegation that Magistrate Judge Adams "coached" Defendants' counsel.

Livingston also claims that the District Court ignored his request for Magistrate Judge Adams' recusal. This argument is belied by the record as Magistrate Judge Adams denied Livingston's motion for her recusal. Livingston did not file an appeal of that decision to District Judge Neals, but instead filed a motion for reconsideration to Magistrate Judge Adams, which she then also denied.

Finally, to the extent that Livingston challenges Chief Judge Bumb's recent preclusion order, we detect no sign of bias there either. Rather, as with Magistrate Judge Adams' order, all we perceive are routine case management decisions, which are within the discretion of the District Court, and not an appropriate basis for mandamus relief. See, e.g., In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (a District Court has discretion over docket management). The extraordinary remedy of mandamus relief in this case is not warranted. Thus, we will deny Livingston's mandamus petition.